### MacLATCHY v. HANNAN.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

ASSIGNMENTS BY ATTORNEY—AUTHORITY—PROOF.

> Where, in an action on an assigned claim, plaintiff introduced a written assignment executed and acknowledged by one as attorney in fact of the assignor, such instrument was insufficient to prove plaintiff's ownership of the claim, without proof that the attorney had authority to make the assignment.

Appeal from Special Term, Westchester County.

Action by Alice T. MacLatchy against William P. Hannan. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Frank A. Bennett, for appellant.
John M. Shinn, for respondent.

RICH, J. Several questions have been presented upon this appeal, but, as the judgment must be reversed upon the first, it will be unnecessary to consider the others.

The plaintiff brings this action to recover $921.10, balance claimed to be due for lumber and trim alleged to have been sold and delivered to the defendant by Frank Miller, doing business under the firm name and style of the Frank Miller Lumber Company, alleging that the claim was duly assigned to him by an instrument in writing by R. H. Murphy, attorney in fact for said Frank Miller. Defendant, answering, alleged no knowledge or information sufficient to form a belief as to the truth of the allegation of the transfer of the cause of action to the plaintiff.

Plaintiff's right to maintain the action was in issue upon the trial, and it was incumbent upon him, therefore, to show that he was the owner of the claim in suit. He rested his case, however, after giving evidence tending to show the sale and delivery of the lumber and trim, and offering the written assignment of the claim in evidence, which was received under defendant's objection and exception. The referee has found that the claim and account were duly assigned to the plaintiff, and states in his opinion that "the instrument of assignment introduced in evidence, executed and acknowledged by the attorney in fact of said Frank Miller, transferred the cause of action to the plaintiff." There is no trouble with the as-

signment itself. The fault lies in the failure of the plaintiff to show that Murphy was the attorney in fact for Frank Miller, or that he had any authority to execute and deliver it. The contention of respondent's counsel that the written assignment establishes the fact of a valid assignment is incorrect. It shows that Murphy assumed authority to make such an assignment, but fails to show that it was vested in him. It was necessary for the plaintiff, in order to maintain his cause of action, to show that Murphy had authority to assign the claim to him, and, because of his failure to do this, the judgment must be reversed, and a new trial granted before another referee, to be appointed at Special Term; costs to abide the event. All concur.